# EXHIBIT A

CM-010

| | | |
|---|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Andrew M. Jacobson, Esq. (SBN 286330)<br>ENGSTROM, LIPSCOMB & LACK<br>10100 Santa Monica Blvd 12th Floor<br>Los Angeles CA 90067-4113<br>TELEPHONE NO.: 310-552-3800     FAX NO.: 310-552-9434<br>ATTORNEY FOR (Name): Plaintiff | | FOR COURT USE ONLY<br><br>**CONFORMED COPY**<br>**ORIGINAL FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>NOV 0 9 2018<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By: _____, Deputy<br>Moses Soto |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA  90012
BRANCH NAME: Central, Stanley Mosk Courthouse

CASE NAME:
Calkins v. Southwest Airlines Co., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter    ☐ Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 18STCV04515 |
| | | | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☑ Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | types (41) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition *(not specified above)* (43) |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action *(specify):* 1
5. This case ☐ is ☑ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: November 9, 2018

Andrew M. Jacobson
(TYPE OR PRINT NAME)             (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/Wrongful Death
Product Liability (not asbestos or toxic/environmental) (24)
Medical Malpractice (45)
  Medical Malpractice–Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (not civil harassment) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice (not medical or legal)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)
  Contract/Warranty Breach–Seller Plaintiff (not fraud or negligence)
  Negligent Breach of Contract/Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage (not provisionally complex) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (not eminent domain, landlord/tenant, or foreclosure)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (arising from provisionally complex case type listed above) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment (non-domestic relations)
  Sister State Judgment
  Administrative Agency Award (not unpaid taxes)
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (not specified above) (42)
  Declaratory Relief Only
  Injunctive Relief Only (non-harassment)
  Mechanics Lien
  Other Commercial Complaint Case (non-tort/non-complex)
  Other Civil Complaint (non-tort/non-complex)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (not specified above) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

1  WALTER J. LACK, SBN 57550
2  STEVEN C. SHUMAN, SBN 82828
   ANDREW M. JACOBSON, SBN 286330
3  **ENGSTROM, LIPSCOMB & LACK**
   10100 Santa Monica Blvd., 12th Floor
4  Los Angeles, CA 90067-4113
   Tel: (310) 552-3800
5  Fax: (310) 552-9434
6  Attorneys for Plaintiff
7

**CONFORMED COPY**
**ORIGINAL FILED**
Superior Court of California
County of Los Angeles

**NOV 0 9 2018**

Sherri R. Carter, executive officer/Clerk
By: _____, Deputy
Moses Soto

8
                    SUPERIOR COURT OF THE STATE OF CALIFORNIA
9
                           FOR THE COUNTY OF LOS ANGELES
10

11  CHERYL CALKINS, an individual          CASE NO.: **18STCV04515**

12              Plaintiffs,
                                           **COMPLAINT FOR DAMAGES**
13  vs.

14  SOUTHWEST AIRLINES CO., a corporation;
    and DOES 1-100, inclusive,
15
               Defendants.
16                                         **DEMAND FOR JURY TRIAL**
17

18

19       COMES NOW, Plaintiff CHERYL CALKINS, and alleges as follows:

20  **I.    INTRODUCTION**

21       1.    One of the most essential safety measures for elderly and disabled airline patrons is

22  the gate-to-gate wheelchair escort service, which Airlines are required by law to provide to disabled

23  travelers.    Plaintiff CHERYL CALKINS ("Mrs. Calkins" or "Plaintiff"), a partially disabled 62

24  year-old wife and mother, who required a wheelchair to travel long distances, was one such

25  traveler. On May 12, 2018, Mrs. Calkins along with her husband and daughter were set to travel on

26  Southwest Airlines departing from Los Angeles International Airport ("LAX") to Milwaukee.

27  Plaintiff requested a wheelchair escort from Southwest Airlines both the day prior to her flight and

28  once she arrived to the Southwest Airlines terminal prior to checking in to her flight. Despite a

429807                                          1

                              **COMPLAINT FOR DAMAGES**

1  legal obligation to provide a wheelchair escort to Plaintiff, Southwest Airlines informed her that
2  there were no wheelchair escorts available and asked her to proceed through security to her gate
3  without any escort assistance. Plaintiff's husband was tasked with taking her through the airport by
4  wheelchair, while also holding their carry-on luggage. Plaintiff's husband struggled through
5  security with his disabled wife. As he was attempting to reach his gate, he proceeded to take
6  Plaintiff up an escalator while she was on her wheelchair. As they were going up the escalator with
7  the wheelchair, Plaintiff fell off the wheelchair and down the escalator, thereby suffering extensive
8  injuries.

9    2.    With full knowledge that gate-to-gate wheelchair escort service was required and
10  requested, Southwest Airlines deliberately and negligently failed to provide a wheelchair escort to
11  Plaintiff and negligently informed Plaintiff's husband and daughter that no escort assistance is
12  available. As it turns out, that statement was not true. This lawsuit is about holding Southwest
13  Airlines accountable for their inexcusable and blatant decision to not provide this essential and
14  legally required service thereby causing severe and permanent injury to Plaintiff.

15  **II.    PARTIES**

16    3.    Plaintiff CHERYL CALKINS, at all relevant times was and is a resident of the State
17  of California, County of Los Angeles.

18    4.    Defendant SOUTHWEST AIRLINES CO. is a corporation organized and existing
19  under the laws of the State of Texas, maintaining its principal place of business in the State of
20  Texas. It is registered to do business in the State of California and is engaged in business within the
21  County of Los Angeles, California.

22    5.    Plaintiffs are informed and believe, and thereon allege, that each of the Defendants,
23  named herein was the agent, employee, employer, partner, manager, controlling entity, or joint
24  venturer of the other Defendants, and in doing the things herein alleged was acting within the course
25  and scope of such agency, employment, partnership, management, control, or joint venture with the
26  full knowledge and consent of the other Defendants.

27    6.    Plaintiffs are informed and believe and thereon allege that at all times herein
28  mentioned, the names of the officers, servants, agents or employees of Defendants and DOES 1

429807                                                    2

1   through 50, inclusive, and each of them, causing or contributing to the Plaintiffs' injuries and
2   damages were unknown to Plaintiffs, who therefore sue those persons or entities by those fictitious
3   names. Plaintiffs will seek leave of Court to amend this Complaint to reflect the complete
4   identification and official status of said defendants when the same is ascertained.

5        7.      The true names and capacities, whether individual, corporate, associate, or otherwise,
6   of Defendants DOES 1 through 100, inclusive, are at this time unknown to Plaintiffs, who therefore
7   sue said Defendants by such fictitious names pursuant to California Code of Civil Procedure § 474.
8   Plaintiffs further allege that each of said fictitious Defendants is in some manner responsible for the
9   acts and occurrences hereinafter set forth. Plaintiffs are informed and believe, and on that basis
10   allege, that each fictitiously named Defendant is responsible for the occurrences herein alleged, and
11   that Plaintiffs' damages were proximately caused by such Defendants.

12   **III.   VENUE AND JURISDICTION**

13        8.      Defendants, and each of them, are subject to the jurisdiction of this Court by virtue of
14   their business dealings and transactions in California, by having caused injuries through their acts
15   and omissions throughout the State of California. This Court has subject matter jurisdiction over all
16   causes of action asserted herein pursuant to Article VI, § 10 of the California Constitution.

17        9.      The damages suffered by each of the Plaintiffs exceed this Court's jurisdictional
18   minimum.

19       10.     Each Defendant has sufficient minimum contacts within California to make the
20   exercise of jurisdiction over each Defendant by California courts consistent with traditional notions
21   of fair play and substantial justice. Defendant Southwest Airlines does substantial business in the
22   State of California, specifically in Los Angeles County at Los Angeles International Airport, which
23   is one of Southwest Airline's largest hubs, and are thus subject to personal jurisdiction in California
24   state courts.

25       11.     Venue is proper because the acts and omissions and otherwise wrongful conduct
26   which are the subject of this Complaint, including Southwest Airlines' inexcusable decision to not
27   provide the required wheelchair escort and resulting fall occurred at LAX airport and occurred in
28   the County of Los Angeles, State of California.

429807                 3

1    IV.    FACTUAL ALLEGATIONS

2        12.    Plaintiff CHERYL CALKINS is an elderly airline traveler with a partial disability.
3    She is a 62 year-old, wife and mother, who had difficulty walking and required a wheelchair to
4    travel long distances. Ten (10) years prior to the incident she suffered Hypoxia to her brain
5    following a severe asthma attack. This incident caused her to have difficulty walking long
6    distances. She utilized a wheelchair for safely walking long distances. She is cognitively fully
7    functional and·able to communicate and otherwise live a happy life.

8        13.    On or about May 12, 2018, Plaintiff was scheduled to travel from Terminal 1 of Los
9    Angeles International Airport to Milwaukee on Southwest Airlines Flight 3148, with her husband
10   and daughter to visit her mom for Mother's Day.

11       14.    On May 11, 2018, the day prior to her scheduled flight, Southwest Airlines was
12   contacted by Plaintiff's daughter, Veronica Calkins, to request wheelchair accommodations for
13   Plaintiff. Specifically, Plaintiff's daughter spoke with a Southwest Airlines representative who
14   stated that wheelchair accommodations would need to be made at the check-in counter, but that she
15   would make a note in their system to accommodate pre-boarding for Plaintiff and her husband to
16   assist Plaintiff in boarding the flight. Plaintiff's daughter was specifically excluded from pre-
17   boarding apparently based upon a Southwest Airlines' policy.

18       15.    Plaintiff arrived at LAX with her husband and daughter on May 12, 2018 at a little
19   before 10:00 a.m. They circled the Southwest Airlines terminal to locate the Southwest wheelchair
20   assistance booth. The wheelchair assistance booth was located curbside, outside the terminal.
21   Plaintiff's daughter, in reliance upon the instruction given by the Southwest Airlines representative
22   the day prior, again explicitly requested a wheelchair escort accommodation for Plaintiff as she had
23   done the day prior over the phone. Specifically, Plaintiff's daughter requested a wheelchair escort to
24   assist her mother through security, to her gate and assistance boarding the plane. The Southwest
25   employee who was at the wheelchair check-in told Plaintiff's daughter that there were no
26   wheelchair escorts available to assist Plaintiff. Plaintiff's husband further inquired and again
27   specifically requested the wheelchair escort and was also told that no wheelchair escorts were
28   available and that no accommodation or assistance would be given. Plaintiff's husband was told to

429807                                              4

1  proceed through security to their gate where additional assistance may be available. Plaintiff's
2  husband was also told by the Southwest Airlines representative that the wheelchair escort vendor
3  Southwest Airlines utilizes was on strike. This statement by the Southwest Airlines representative
4  appears to be false as other Southwest Airlines travelers were being escorted by wheelchair escorts
5  in the Southwest Airlines terminal at the day and time in question. Nevertheless, no accommodation
6  or wheelchair escort was provided by Southwest Airlines despite Plaintiff's several requests.

7      16.    As a result of Southwest Airline's failure to provide the wheelchair escort, Plaintiff's
8  husband was forced to take Plaintiff through the airport by wheelchair, while also holding their
9  carry-on luggage. The husband struggled through security, and was further delayed as Plaintiff was
10 forced to go through additional screening by security.

11     17.    Despite the stress and difficulty of going through the airport with his disabled wife,
12 Plaintiff's husband aspired to make their flight and proceeded to reach their gate. While attempting
13 to reach the gate, Plaintiff and her husband were forced to reach a higher floor in the terminal.
14 Plaintiff and her husband walked directly towards an escalator which appeared to be the only option
15 to reach the higher level of the terminal. The escalator did not have any warnings, signs, or placards
16 stating that wheelchair use on the escalator was prohibited or dangerous. There were also no signs
17 pointing Plaintiff and her husband to an elevator. As a result, Plaintiff's husband proceeded to take
18 Plaintiff up the escalator with her wheelchair. As they were going up the escalator with the
19 wheelchair, Plaintiff fell off the wheelchair and down the escalator, thereby causing severe and
20 extensive injuries to Plaintiff.

21     18.    Because of Plaintiff's age, physical condition, and mobility constraints, she was
22 clearly a vulnerable and disabled elderly traveler that was in need of a wheelchair escort to get to
23 her gate and board her flight.

24     19.    Southwest Airlines provides mobility assistance, among other services, to seniors and
25 elderly travelers, and those with disabilities, among others, as required by law. Mobility escorts are
26 available for passengers with a "wheelchair or scooter." This service is provided by Southwest
27 Airlines "To/from the gate," "On/off the aircraft," and "To/from connecting flights," among other
28 services provided. Despite offering these services, Southwest Airlines made the negligent and

429807                                              5

1 deliberate decision to not provide Plaintiff any mobility assistance and thereby leaving Plaintiff and
2 her husband to navigate through the Airport alone. This entire incident could have been prevented
3 had Southwest Airlines provided the wheelchair escort they were obligated to provide.

4                                **FIRST CAUSE OF ACTION**

5                       **NEGLIGENCE AGAINST SOUTHWEST AIRLINES**

6        20.     Plaintiff incorporates by reference and realleges all paragraphs previously alleged
7 herein.

8        21.     Defendant Southwest Airlines is a common carrier, and as such, Defendant
9 Southwest Airlines owes its passengers the highest degree of care and skill practicable for it to
10 exercise.

11       22.     In the course of the business of Defendant Southwest Airlines, it regularly provides
12 wheelchair gate-to-gate escorts for passengers, including escorts for seniors and elderly passengers
13 and those with disabilities, such as Plaintiff, a vulnerable elderly passenger.

14       23.     The United States Department of Transportation has enacted regulations codified at
15 14 C.F.R. Part 382 and includes a duty by Defendant Southwest Airlines to accommodate Plaintiff's
16 disabilities as she traveled.

17       24.     Defendant Southwest Airlines is an air carrier within the definition of 14 C.F.R. §
18 382.5. 14 C.F.R. § 382.91 provides that air carriers such as Defendant Southwest Airlines are
19 required to ensure that individuals with disabilities are provided with assistance in making flight
20 connections and transportation between gates, among other requirements, when requested by or on
21 behalf of a passenger with a disability.

22       25.     In advance of traveling on Defendant Southwest Airlines, Plaintiff and her family
23 requested that Defendant Southwest Airlines provide Plaintiff wheelchair gate-to-gate assistance.
24 They specifically informed Southwest Airlines that she was a disabled passenger that cannot walk
25 long distances.

26       26.     It was the duty and responsibility of Defendant Southwest Airlines to provide this
27 gate-to-gate escort to Plaintiff at the Los Angeles International Airport, Southwest Airline's check-
28 in terminal, through security, to the appropriate Southwest Airline's gate, and ensure that Plaintiff

429807                                          6

                            **COMPLAINT FOR DAMAGES**

1  was safely, properly and timely boarded upon the plane.

2  27. Upon Plaintiff's arrival to Southwest Airlines check-in, Defendant Southwest
3  Airlines failed to exercise the highest degree of care and skill practicable for the protection and
4  safety of Plaintiff and breached its duty by failing to provide her the required gate-to-gate escort to
5  board her flight on Southwest Airlines flight no. 3148.

6  28. It was foreseeable that Plaintiff would be injured without the required gate-to-gate
7  escort assisting her through the airport and with boarding the flight.

8  29. Defendant Southwest Airlines failed to exercise the highest degree of care and skill,
9  required of it as a common carrier, for the protection and safety of Plaintiff.

10  30. Additionally, Southwest Airlines and its agents negligently and otherwise unlawfully
11  failed to retain the services of and/or contract with a well-staffed and/or additional wheelchair escort
12  vendor to assist Southwest Airline patrons who request a wheelchair escort. Even assuming that no
13  wheelchair escorts were available at the time of Plaintiff's request, Southwest Airlines and its agents
14  negligently and unlawfully failed to: a) contact a different wheelchair escort vendor to assist
15  Plaintiff; and b) appoint a Southwest Airlines employee to assist and escort Plaintiff to her gate.

16  31. Additionally, Southwest Airlines and its agents negligently and otherwise unlawfully
17  failed to design, construct, monitor, maintain, and/or place adequate warnings, signs, and/or
18  placards at or near escalators within their control, including the specific escalator where the incident
19  occurred, stating and warning that "wheelchairs are prohibited from being used on escalators"
20  and/or "the use of wheelchairs on escalators pose a danger to the safety of its patrons." Southwest
21  Airlines also failed to have proper signage indicating the location of elevators for disabled
22  passengers traveling by wheelchair.

23  32. Additionally, Southwest Airlines and its agents negligently and otherwise unlawfully
24  failed to design and construct the location of the incident by failing to design and construct
25  wheelchair accessible ramps, so that travelers utilizing wheelchairs can safely reach higher levels of
26  the Southwest Airlines terminal.

27  33. As a direct and proximate result of the negligence, carelessness and violation of the
28  law by defendant, Plaintiff was injured in her health, strength and activity, sustaining injury to her

429807                                          7

COMPLAINT FOR DAMAGES

1  body and brain, and shock and injury to her nervous systems, all of which have caused and continue
2  to cause Plaintiff great mental, physical and nervous pain and suffering. Plaintiff is informed and
3  believes and thereon alleges that said injuries will result permanent disability to her, all to his
4  general damage in a sum in excess of the subject matter jurisdiction of this Court.

5      34.    As a further direct and proximate result of the negligence, carelessness and violation
6  of law of the defendants, and each of them, Plaintiff was compelled to and did employ the services
7  of physicians, surgeons and other medical personnel, and Plaintiff was compelled to and did incur
8  incidental expenses relative to the care and treatment of said injuries.

9      35.    Plaintiff is informed and believes and thereon alleges that she will be compelled to
10  seek further treatment in the future for care of said injuries and to incur further reasonable bills for
11  the same. Plaintiff will give proof of both past and future claimed medical and related expenses at
12  the time of trial.

13      36.    As a further direct and proximate result of the negligence, carelessness and violation
14  of law of the defendants, and each of them, Plaintiff has sustained personal injuries, a portion of
15  which are permanent in nature. Said injuries have impaired the plaintiff's ability to work and will
16  continue to do so in the future.

17                        **SECOND CAUSE OF ACTION**

18  **NEGLIGENT TRANING AND SUPERVISION AGAINST SOUTHWEST AIRLINES**

19      37.    Plaintiff incorporates by reference and realleges all paragraphs previously alleged
20  herein.

21      38.    Defendant Southwest Airlines, and Defendant Command Security services, as its
22  agent, acted negligently in failing to properly abide by the regulations set forth governing the
23  transportation of disabled passengers.

24      39.    In that regard, 14 C.F.R. § 382.141 provides that Defendant Southwest Airlines
25  properly train employees in responding to passengers with disabilities. Defendant Southwest
26  Airlines was negligent in failing to properly train and/or supervise their agents and/or employees in
27  the legally responsible way of dealing with a passenger with disabilities.

28

429807                                    8

1     40.    Plaintiff also alleges that Defendants Southwest Airlines, specifically the employees
2 located at the wheelchair check-in booth where Plaintiff requested a wheelchair escort, were not
3 adequately trained and qualified regarding Southwest Airlines' legal obligation to provide disabled
4 travelers with a wheelchair escort if it is requested. Plaintiff contends that Defendants Southwest
5 Airlines either knew or should have known that its employees were unfit to serve as wheelchair
6 check-in agents, when this incident occurred.

7     41.    As a direct and proximate result of the negligence, carelessness and violation of the
8 law by defendant, Plaintiff was injured in her health, strength and activity, sustaining injury to her
9 body and brain, and shock and injury to her nervous systems, all of which have caused and continue
10 to cause Plaintiff great mental, physical and nervous pain and suffering. Plaintiff is informed and
11 believes and thereon alleges that said injuries will result permanent disability to her, all to his
12 general damage in a sum in excess of the subject matter jurisdiction of this Court.

13     42.    As a further direct and proximate result of the negligence, carelessness and violation
14 of law of the defendants, and each of them, Plaintiff was compelled to and did employ the services
15 of physicians, surgeons and other medical personnel, and Plaintiff was compelled to and did incur
16 incidental expenses relative to the care and treatment of said injuries.

17     43.    Plaintiff is informed and believes and thereon alleges that she will be compelled to
18 seek further treatment in the future for care of said injuries and to incur further reasonable bills for
19 the same. Plaintiff will give proof of both past and future claimed medical and related expenses at
20 the time of trial.

21     44.    As a further direct and proximate result of the negligence, carelessness and violation
22 of law of the defendants, and each of them, Plaintiff has sustained personal injuries, a portion of
23 which are permanent in nature. Said injuries have impaired the plaintiff's ability to work and will
24 continue to do so in the future.

25     **WHEREFORE,** Plaintiff prays for judgment against the defendants, and each of them, as
26 follows:

27     1.    For general damages in a sum in excess of the minimum jurisdiction of this Court;

28     2.    For special damages, according to proof;

429807     9

1    3.    For pre-judgment interest to the extent authorized by law and according to proof;

2    4.    For costs of suit incurred herein; and

3    5.    For such other and further relief as the Court deems just and proper.

4

5                            **DEMAND FOR JURY TRIAL**

6    Plaintiff hereby demands a trial by jury on all causes of action.

7
     Dated: November 9, 2018                    ENGSTROM, LIPSCOMB & LACK
8

9                                           By:
10                                              WALTER J. LACK
                                                STEVEN C. SHUMAN
11                                              ANDREW M. JACOBSON
12                                              Attorneys for Plaintiff

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

429807                                  10

                            **COMPLAINT FOR DAMAGES**

**SUM-100**

## SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

SOUTHWEST AIRLINES CO., a corporation; and DOES 1-100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

CHERYL CALKINS, an individual.

**CONFORMED COPY
ORIGINAL FILED**
Superior Court of California
County of Los Angeles

**NOV 0 9 2018**

Sherri R. Carter, Executive Officer/Clerk

By: _____, Deputy
Moses Soto

---

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Los Angeles Superior Court | CASE NUMBER:<br>*(Número del Caso):* **18STCV04515** |
|---|---|

111 North Hill Street

Los Angeles, CA  90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Engstrom, Lipscomb & Lack, 10100 Santa Monica Bl. #1200, Los Angeles, CA 90067; 310-552-3800

| DATE: **NOV 0 9 2018**<br>*(Fecha)* | SHERRI R. CARTER, Clerk, by<br>*(Secretario)* | M. Soto | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Southwest Airlines Co., a corporation

under: ☒ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>11/09/2018 |
| NOTICE OF CASE ASSIGNMENT<br><br>UNLIMITED CIVIL CASE | Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ Moses Soto _____ Deputy |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>18STCV04515 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Yolanda Orozco | 7 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record    Sherri R. Carter, Executive Officer / Clerk of Court

on 11/09/2018
(Date)                                                         By Moses Soto _____, Deputy Clerk

LACIV 190 (Rev 6/18)         **NOTICE OF CASE ASSIGNMENT -- UNLIMITED CIVIL CASE**
LASC Approved 05/06