UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | | |
|---|---|---|---|---|
| Case No. | 2:19-cv-01215-SVW-MRW | JS-6 | Date | April 10, 2019 |

| | |
|---|---|
| Title | *Cheryl Calkins v. Southwest Airlines Co. et al* |

Present: The Honorable   STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**   IN CHAMBERS ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [10]

### I.   Introduction

Plaintiff Cheryl Calkins originally filed this negligence action in state court on November 9, 2018. Dkt. 1-1. Defendant Southwest Airlines Co. was served with Plaintiff's Complaint on November 28, 2018. Dkt. 10 at 3. Defendant did not remove the case on the basis of the allegations in the Complaint. *Id*. at 4. Rather, on January 24, 2019, Defendant received Plaintiff's Statement of Damages, which claimed over $6,000,000 in damages, and then removed on the basis of diversity jurisdiction on February 19, 2019. *Id*.; Dkt. 12 at 2. Plaintiff now moves to remand on the ground that the *Complaint* gave Defendant notice of removability, and thus that Defendant's removal was untimely. Dkt. 10 at 3. The resolution of the motion turns on the question of when Defendant was put on notice that Plaintiff is alleging damages in excess of $75,000.

### II.   Legal Standard

United States federal courts are courts of limited jurisdiction. *Gunn v. Minton*, 568 U.S. 251, 256 (2013). Consequently, a "federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). Due to this presumption, federal courts must exercise "prudence and restraint" when considering the propriety of removal. *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 810 (1986). Thus, "[i]f a district court determines at any time that less than a preponderance of the evidence supports the right of

                                                                                          :
                                                          Initials of Preparer
                                                                          PMC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:19-cv-01215-SVW-MRW | Date | April 10, 2019 |
|---|---|---|---|

| Title | *Cheryl Calkins v. Southwest Airlines Co. et al* |
|---|---|

removal, it must remand the action to the state court." *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018). "The removing defendant bears the burden of overcoming the 'strong presumption against removal jurisdiction.'" *Id.* (quoting *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010)).

If a plaintiff elects to file an action in state court, the defendant generally has the option of removing the case from state court to federal court under the general removal statute as long as the federal court has original subject-matter jurisdiction. 28 U.S.C. § 1441(a). There are, however, procedures for proper removal. For example, the "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). If "the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading . . . or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). If a party moves to remand a case to state court on the ground of improper removal procedure, it must do so within thirty days after the filing of the notice of removal. 28 U.S.C. § 1447(c).

### III.    Relevant Facts

Plaintiff alleges in the Complaint that she fell in Defendant's airport terminal due to Defendant's failure to provide Plaintiff with a wheelchair escort. Dkt. 1-1, ¶ 1. Plaintiff claims to have been forced to use an escalator, which appeared to be the only option to reach the higher level of the terminal. *Id*. ¶ 17. While on the escalator, Plaintiff fell off her wheelchair and down the escalator, "causing severe and extensive injuries." *Id*. Plaintiff alleges she was "injured in her health, strength and activity, sustaining injury to her body and brain, and shock and injury to her nervous systems, all of which have caused and continue to cause Plaintiff great mental, physical and nervous pain and suffering. Plaintiff . . . believes . . . that said injuries will result [in] permanent disability to her." *Id*. ¶ 41. Plaintiff claims to have "employ[ed] the services of physicians, surgeons and other medical personnel, and [that] Plaintiff was compelled to and did incur incidental expenses relative to the care and treatment of said injuries." *Id*. ¶ 42. Plaintiff also alleges that "she will be compelled to seek further treatment in the future for care of said injuries and to incur further reasonable bills," that she "has sustained personal injuries, a portion of which are permanent in nature," and that these injuries "have impaired [her] ability to work and will

                                                                                                    _____ : _____
                                                              Initials of Preparer
                                                                          PMC

continue to do so in the future." *Id.* ¶¶ 43-44.

IV.   **Analysis**

For a complaint to trigger the 30-day removal period, the facts supporting removal must be evident on the face of the complaint; in other words, notice of removability is determined by an "examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005); *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013) (holding that "even if a defendant could have discovered grounds for removability through investigation, it does not lose the right to remove because it did not conduct such an investigation"); *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251 (9th Cir. 2006) (holding that the court would not "charge defendants with notice of removability until they've received a paper that gives them enough information to remove"); *Ackerberg v. Citicorp USA, Inc.*, 887 F. Supp. 2d 934, 938 (N.D. Cal. 2012) (holding that the "thirty day time period for removal starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face the facts necessary for federal court jurisdiction") (quoting *Harris*, 425 F.3d at 690-91).

However, as this Court and others have found, a complaint may put a defendant on notice of removability without alleging damages of a specific dollar amount. *See, e.g.*, *Hammarlund v. C.R. Bard, Inc.*, No. 2:15-cv-05506-SVW-JEM, 2015 WL 5826780, *1-2 (C.D. Cal. Oct. 2, 2015) (holding that the defendant had notice of removability because the plaintiff alleged having suffered an umbilical hernia, a small bowel obstruction, kidney damage, loss of income and earning potential, and a permanent scar); *see also Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (finding amount in controversy satisfied in slip-and-fall case where the plaintiff alleged injuries to her wrist, knee, and upper and lower back, as well as loss of wages and earning capacity and permanent disability and disfigurement); *Campbell v. Bridgestone/Firestone, Inc.*, No. CIVF051499FVSDLB, 2006 WL 707291, *2-3 (E.D. Cal. Mar. 17, 2006) (finding an amount in controversy exceeding $75,000 facially apparent where following a car accident, the plaintiff allegedly suffered head trauma, a broken arm, a broken wrist, a deep leg laceration, loss of earning capacity, and hospital and medical expenses); *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1065 (11th Cir. 2010) (holding that a complaint alleging wrongful death put the defendant on notice of an amount in controversy exceeding $75,000). Furthermore, a

"defendant should not be able to ignore pleadings or other documents from which removability may be ascertained and seek removal only when it becomes strategically advantageous for it to do so." *Roth*, 720 F.3d at 1125.

Plaintiff asserts in her motion that "Defendant was clearly on notice that . . . the damages claimed exceed . . . $75,000 when it was served with the Complaint on November 28, 2018." Dkt. 10 at 1. Plaintiff also contends that Defendant should have known the amount in controversy would exceed $75,000 upon receiving the Complaint because it "had access to video surveillance of the incident," and because of the "experience, intelligence and common sense of [Defendant] and its experienced risk management team." Dkt. 14 at 2, 6.

Defendant rebuts this argument by asserting that the Complaint is too general as it "included various adjectives joined to [Plaintiff's] vague bodily injury claims that . . . did not put Defendant on notice of the specific injuries" and that it "did not specify what body part [Plaintiff] was referring to or what her exact injury was." Dkt. 12 at 3. Defendant further argues that the cases (discussed above) where the amount in controversy was found to exceed $75,000 despite no specific amount alleged in the complaint are factually distinguishable from the Complaint here because those "cases involve[d] damages allegations that [went] beyond the vague bodily injury allegations made by Plaintiff in her Complaint." *Id.* at 6.

As noted above, resolution of this motion depends on when Defendant was put on notice of the case's removability. If the Complaint put Defendant on notice of the case's removability, the motion must be granted; if not, then Defendant properly removed after receiving the Statement of Damages and the motion must be denied.

The Complaint contains numerous allegations regarding the extent of Plaintiff's injuries, which, considered together, suggest that she suffered serious and long-term injuries. For example, Plaintiff claims to have suffered severe and extensive injuries resulting from a fall down an escalator. Plaintiff also alleges that she suffered brain injury and injury to her nervous system, leading to permanent disability. Plaintiff also alleges that she received treatment from physicians, including surgeons, and that she will be required to seek further treatment in the future. Lastly, Plaintiff alleges that her injuries have impaired her ability to work and will continue to do so in the future.

|  | : |  |
|---|---|---|
| Initials of Preparer | | |
| PMC | | |

It may be true that some cases in which a court has held the amount in controversy to be facially apparent from the complaint involved somewhat more specific allegations of injuries, such as wrongful death, loss of potential earnings, and punitive damages. *See Gebbia,* 233 F.3d at 883; *Campbell*, 2006 WL 707291, at *3; *Hammarlund*, 2015 WL 5826780, at *2; *Michelin*, 613 F.3d at 1065. However, this does not mean that the allegations in the instant case are inadequate. To the contrary, the allegations in the Complaint suggest, based on an objective inquiry, that Plaintiff's damages likely exceed $75,000. In other words, the Complaint put Defendant on notice of the case's removability.[1]

**V.      Conclusion**

For the reasons discussed above, the Complaint contains sufficient factual material to have put Defendant on notice that the amount in controversy exceeds $75,000. Thus, Defendant's removal was untimely and the Court GRANTS Plaintiff's motion to remand.

IT IS SO ORDERED.

---

[1] In any event, Defendant's position is not so clearly correct that it can overcome the strong presumption against removal jurisdiction.

:

Initials of Preparer

PMC